In the Matter of DAVID GREENSTEIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.  First Department, November 1, 1960.

*Eric Nightingale* of counsel (*George G. Hunter, Jr.,* with him on the brief), for petitioner.

*Seymour Schwartz* for respondent.

*Per Curiam.* It has been found by a Referee that two charges of unprofessional conduct have been sustained against respondent. The evidence, which clearly supports the Referee's conclusion, demonstrates that as attorney for an alien seaman, respondent settled an accident claim and undertook to hold $4,000 of the proceeds of the settlement in escrow pending the adjustment of claims by the seaman's employer arising out of its responsibility for care of the seaman while in this country. Respondent converted the $4,000 held in escrow by immediately commingling it with his own funds. Although eventually restitution was made of the entire sum, part was returned only after suit was begun to recover it. Moreover, respondent's attempted explanation of his conduct before the Committee on Grievances was less than forthright.

Additionally, it has been established that between the period from November 29, 1955 and November 27, 1956, respondent issued 107 checks which were returned by the Marine Midland Trust Company, either because of insufficient funds or because the account was closed. So, too, during a period of eight months between January and August, 1955, the Chemical Corn Exchange Bank was required to return respondent's checks on over 70 occasions because of insufficient funds. We agree with the Referee that the record leaves little scope for concluding other than that the respondent issued checks either with an intent to to do so on a balance known to be insufficient, or with a neglect so wanton in its disregard of professional standards that it equals such an intent.

It is true that in no case involving a check which was returned did any client or other person lose any money. Moreover, we can appreciate the tensions and disturbance which the unhappy illness of respondent's wife may have caused. But neither restitution nor illness in a family creating a climate of harassment affords an excuse for unprofessional conduct.

In 1939 respondent was censured by this court (*Matter of Greenstein*, 258 App. Div. 32). In view of respondent's past record, the serious nature of the present charges, and his lack of forthrightness in testifying before the Committee on Grievances, and giving due consideration to all of the mitigating circumstances, we have concluded that respondent should be disbarred for his unprofessional conduct.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Respondent disbarred.